UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PABLO JOSE ORELLANA-ORELLANA,<br><br>　　　　Defendant. | Case No.: 1:11-cr-00330-1 JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 18) |

　　　　Pablo Jose Orellana-Orellana is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "status points" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 18.) The Government opposes the motion, contending that Defendant is ineligible for a reduction because he "was not assigned status points in the first instance." (Doc. 21.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

　　　　On February 13, 2012, pursuant to a written plea agreement, Defendant pled guilty to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). (Docs. 14-16.) Prior to Defendant entering his guilty plea, a "Pre-Plea Advisory Guideline Presentence Investigation Report" ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 21. (*See* PSR ¶ 12.) Defendant was assessed 8 criminal history points based on multiple prior convictions, which placed him in criminal history category IV, according to the sentencing table at U.S.S.G.

1

Chapter 5, Part A. (PSR ¶ 18.) Defendant was not assigned status points under the prior § 4A1.1(d). Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 57 to 71 months. (PSR ¶ 30.)

The Court held a sentencing hearing on February 13, 2012, the same day that Defendant entered his guilty plea. (Doc. 15.) The sentencing judge adopted the findings in the presentence investigation report without change. (Statement of Reasons ("SOR") at 1.) The Court imposed a two-level downward departure pursuant to the parties' plea agreement and U.S.S.G. § 5K3.1, based on the early disposition of the case. (SOR at 2; Doc. 14 at 6 ¶ 5(b).) Defendant was sentenced to 46 months in custody, to run consecutive to any other sentence being served. (Doc. 15; Doc. 16 at 2.)

Defendant now asks the Court to reduce his sentence under Part A of Amendment 821 to the U.S. Sentencing Guidelines, which reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. However, Defendant was not assigned any status points; his criminal history score consists of criminal history points assigned based on Defendant's prior convictions. (*See* PSR ¶¶ 18), Thus, he does not qualify for a status point adjustment under § 4A1.1. Accordingly, because Amendment 821 does not impact Defendant's sentencing guideline range, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 18), is **DENIED**.

IT IS SO ORDERED.

   Dated:   **October 18, 2024**

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE